IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ARTHUR R. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ASSET ACCEPTANCE, LLC, ) | |
| ANDREA M. DICKSON-REKASI, ) | |
| AND FULTON, FRIEDMAN ) | **Jury Trial Demanded** |
| & GULLACE, LLP ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Arthur R. Wilson (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC (hereinafter "Defendant Asset Acceptance") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

6. Defendant Andrea M. Dickson-Rekasi (hereinafter "Defendant Dickson-Rekasi") is a natural person who is an employee and/or agent of Defendant Asset Acceptance, and a "debt collector" as defined by 15 U.S.C. § 1692a(6), and may be served at her home address of 29812 Champine Street, Saint Clair Shores, MI 48082-1668.

7. Defendant Fulton, Friedman & Gullace, LLP (hereinafter "Defendant Fulton") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), that maintains Steven F. Glaser, 125 S. Water Ave., Gallatin, TN 39066-2902 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

8. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt alleged to be originally owed to or serviced by Bank of America (hereinafter "Bank of America").

9. After default, Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Asset Acceptance is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. Defendant Dickson-Rekasi as an employee and/or agent of Defendant Asset Acceptance is personally involved in debt collection from Plaintiff by signing a sworn affidavit in

support of the collection lawsuit, and may be held personally liable as a debt collector as she is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

12. Defendant Fulton is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another by allegedly preparing and/or reviewing collection lawsuits against consumers prior to the lawsuits being filed and served and/or prosecuting them in state court.

13. When purchasing charged-off consumer debts, Defendant Asset Acceptance makes an intentional business decision not to obtain competent evidence that would allow it: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed.

14. Defendant Asset Acceptance's main avenue of collecting charged-off consumer debts is the implementation of a state court litigation model that includes employment of debt collection attorneys to file collection lawsuits, and Defendant Asset Acceptance's employees and/or agents to sign affidavits filed in support of the collection lawsuits.

15. The only evidence provided to debt collection attorneys to file the collection lawsuits are affidavits signed by employees and/or agents of Defendant Asset Acceptance without personal knowledge of (a) whether a contract on which Defendants allegedly relied to file the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents transferring the alleged debt to Defendant Asset Acceptance actually exist.

16. The affidavits signed by employees and/or agents of Defendant Asset Acceptance under penalty of perjury allege amounts owed that are based solely on hearsay in the form of

electronic data transferred from the original creditor or assignee thereof, not from personal knowledge.

17. Defendant Fulton did not request additional evidence from Defendant Asset Acceptance prior to filing the collection lawsuit, and filed and served the lawsuit, knowing that neither it nor Defendant Asset Acceptance possessed competent evidence at the time of (a) whether a contract on which Defendants allegedly relied to file and serve the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt to Defendant Asset Acceptance's ownership actually exist, and did not intend to obtain it, if challenged by a consumer.

18. Despite the "business records" exception to the hearsay rule being clearly defined for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this hearsay exception in a debt buyer case.[1]

19. The litigation model used by Defendants to collect consumer debts is to file collection lawsuits against consumers: (1) after making intentional business decisions that, if challenged, they will not obtain competent evidence of the alleged debt, including the

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, LVNV Funding, LLC v. Mastaw*, 2012 WL 1534785, at *5 (Tenn. Ct. App. Apr. 30, 2012) (citing ***Cach, LLC v. Askew***, 358 S.W.3d 58, 62 (Mo. 2012) (citing ***Midwestern Health Mgmt., Inc. v. Walker***, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Id., citing, **Cuda & Assoc., LLC v. Lumpkin***, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at *7, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at *8, fn. 13 (*citing,* ***Beal Bank S.S.B. v. RBM Co***., 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

contract on which Defendants allegedly relied to file and serve the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of (a) whether a contract on which Defendants allegedly relied to file the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) the documents allegedly transferring the alleged debt to Defendant Asset Acceptance's ownership actually exist that is necessary to make an affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers intimidated by the allegations in the affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

20. Defendants followed their litigation model while attempting to collect the alleged debt from Plaintiff.

21. In a large majority of the cases, debt buyers such as Defendant Asset Acceptance and debt collection attorneys such as Defendant Fulton obtain a default judgment and the sufficiency of the debt buyer's affidavits are never challenged.

### *August 27, 2012 Collection Lawsuit*

22. On or about August 27, 2012, Defendants filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). ***Copy of August 27, 2012 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

23.     The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt within one year prior to the filing of the Complaint, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

*Use of Civil Summons That Contained False, Deceptive and
Misleading Statements in Connection With Collection of the Alleged Debt*

24.     The Civil Summons stated that Defendants Asset Acceptance, LLC and Fulton were seeking to collect: "**For Suit on a sworn account here to the court shown in the amount of $3,864.06 plus court costs and service of process costs in the amount of $42.00.**" *See Doc. 1-1, p. 1.* (Underline and bold added)

25.     In the Sworn Affidavit, which Defendant Dickson-Rekasi signed on or about June 4, 2012, she testified under oath:

(1)     "I am an employee of [Defendant Asset Acceptance], and as such, I have knowledge of the facts of this case as a custodian of records for [Defendant Asset Acceptance] and I am authorized to make this affidavit." *Doc. 1-1, p. 2, ¶ 1.*

(2)     "To the best of my personal knowledge and belief and upon review of records in my possession, ARTHUR R. WILSON established an account with BANK OF AMERICA herein under account number XXXXXXXXXXXX3183." *Doc. 1-1, p. 2, ¶ 2.*

(3)     "That after establishing said account, [Plaintiff] incurred charges and/or fees and/or interest upon said account." *Doc. 1-1, p. 2, ¶ 3.*

(4)     "[Plaintiff] defaulted on their payment obligations with regard to said account." *Doc. 1-1, p. 2, ¶ 4.*

(5)     "Upon information and belief, [Defendant Asset Acceptance's] predecessor(s)-in-interest performed all of the conditions of the contract required by said contract."

> *Doc. 1-1, p. 2, ¶ 5.*

    (6)    "Thereafter, [Defendant Asset Acceptance] purchased said account for value and is now the owner of the account." *Doc. 1-1, p. 2, ¶ 6.*

    (7)    "That as a result of [Plaintiff's] payment default, . . . [Plaintiff] . . . [is] justly indebted to [Defendant Asset Acceptance] in the amount of $3,864.06." *Doc. 1-1, p. 2, ¶ 7.*

    (8)    "That I make this affidavit in support of [Defendant Asset Acceptance's] application for a default judgment against the [Plaintiff]." *Doc. 1-1, p. 2, ¶ 8.*

26. In conformance with Defendants' litigation model, prior to filing and serving the Civil Summons and Sworn Affidavit, Defendants did not review records of Bank of America, the alleged debt originator, to determine if the contract on which Defendants allegedly relied to file the collection lawsuit even exists and, if it does exist, whether the amount Plaintiff allegedly owes is correctly calculated.

27. Without records of Bank of America, the alleged debt originator, available for Defendants to review prior to filing and serving the collection lawsuit, and without being able to correctly calculate the amount Plaintiff allegedly owes based on contract terms on which Defendants allegedly relied to file the collection lawsuit, Defendants Asset Acceptance and Fulton used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Asset Acceptance was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, which resulted in Defendants Asset Acceptance and Fulton falsely representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which

7

may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1), which is the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

28. By failing to acquire or review the contract on which Defendants allegedly relied to file the collection lawsuit against and serve on Plaintiff resulted in Defendants stating in the Civil Warrant and Sworn Affidavit different amounts which Defendant Asset Acceptance was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much is allegedly owed, and a threat to take any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

29. By filing and serving the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on Bank of America or an assignee of Bank of America as to the amount of debt Plaintiff allegedly owes, without knowledge of whether a contract on which Defendants Asset Acceptance and Fulton relied to file and serve the collection lawsuit exists, or, if it does exist, what language it contained regarding the contract

8

interest rate, these Defendants communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

30. The collection lawsuit filed against and served on Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit intended to deceive the state court and Plaintiff about the knowledge and information Defendants had about ownership and amount of the alleged debt.

31. Without the contract on which Defendants allegedly relied to file and serve the collection lawsuit, Defendant Asset Acceptance may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

32. A sworn affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

33. Prior to signing the Sworn Affidavit, Defendant Dickson-Rekasi did not review records of Bank of America, the alleged debt originator, to determine if the contract on which Defendants allegedly relied to file the collection lawsuit exists and, if it does exist, whether the amount Plaintiff allegedly owes is correct, and did not review records of the alleged assignment of the alleged debt from Bank of America or an assignee of Bank of America to Defendant Asset Acceptance, because Defendants Asset Acceptance and Fulton followed the litigation model and did not obtain records of Bank of America, the

alleged debt originator, which would have allowed Defendant Dickson-Rekasi to do so.

34. Without records of Bank of America, the alleged debt originator, available for Defendant Dickson-Rekasi to review prior to signing the Sworn Affidavit, and without Defendant Dickson-Rekasi being able to correctly calculate the amount owed by Plaintiff based on contract terms on which Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Dickson-Rekasi to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.

35. By stating in the Sworn Affidavit that: (a) she has knowledge of the facts of this case as a custodian of records for Defendant Asset Acceptance, (b) to the best of her personal knowledge and belief and upon review of records in her possession, Plaintiff established an account with Bank of America, (c) after establishing said account, Plaintiff incurred charges and/or fees and/or interest upon said account, (d) Plaintiff defaulted on her payment obligations with regard to said account, (e) upon information and belief, Defendant Asset Acceptance predecessor(s)-in-interest performed all of the conditions of the contract required by said contract, (f) Defendant Asset Acceptance purchased said account for value and is now the owner of the account, and (g) as a result of Plaintiff's payment default, Plaintiff is justly indebted to Defendant Asset Acceptance in the amount of $3,864.06 (*see Doc. 1-1, p. 2, ¶¶ 1-7)*, Defendant Dickson-Rekasi falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15

10
Case 2:13-cv-00080-TAV-HBG   Document 1   Filed 03/11/13   Page 10 of 19   PageID #: 10

U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

36. Form affidavits, such as the one filed and served in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Asset Acceptance or its agents upon request and routinely provided to Defendant Dickson-Rekasi and other employees and/or agents of Defendant Asset Acceptance who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make an affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

37. The form affidavits are attached to and filed with civil summons by debt collection attorneys such as Defendant Fulton, which are then served on consumers.

38. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or

attempt to collect the debt in violation of 15 U.S.C. § 1692f.

39. Defendants Asset Acceptance and Fulton intentionally use the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of these Defendants and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about contract terms on which Defendants allegedly relied to file and serve the collection lawsuit, or what language it contained regarding interest, or of the documents allegedly transferring the alleged debt to Defendant Asset Acceptance's ownership.

40. In adhering to their litigation model, Defendants Asset Acceptance and Fulton filed and served the collection lawsuit against Plaintiff in connection with collection of the debt and in an attempt to collect the debt knowingly using Defendant Dickson-Rekasi's affidavit that contained knowingly false, deceptive, and misleading statements, as the only evidentiary basis to support their claims.

41. Defendant Dickson-Rekasi's demands in the affidavit for amounts owed, without personal knowledge of contract terms on which Defendants allegedly relied to file and serve the collection lawsuit, or what language it contained regarding interest, or of the documents allegedly transferring the alleged debt to Defendant Asset Acceptance's ownership, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make an affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B),

and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

42. By filing the collection lawsuit against Plaintiff with the employment of their litigation model, (a) Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and (b) used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants Asset Acceptance and Fulton had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

43. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing and serving the affidavit that contained the knowingly false, deceptive, and misleading statements, including the amount owed of $3,864.06, Defendant Asset Acceptance and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### Failure To Include § 1692e(11) Language In Initial and Subsequent Communications

44. The FDCPA states:

    "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

45. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

46. The Civil Summons is a "communication" as defined by 15 U.S.C. § 1692a(2).

47. The Civil Summons is not a formal pleading made in connection with a legal action because it has not been signed by Defendant Asset Acceptance as the state court plaintiff or by its attorney, and Defendant Fulton failed to disclose in the Civil Summons that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

48. The Civil Summons is a subsequent communication by Defendants Asset Acceptance and Fulton with Plaintiff in connection with collection of the debt, and Defendants Asset Acceptance and Fulton failed to disclose in the Civil Summons that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### Failure to Send a Written Notice Containing Plaintiff's Rights to Dispute Debt and Request Additional Information Within Five Days After the Initial Communication – Defendant Fulton

49. Within five days after the Civil Summons was served on Plaintiff, Plaintiff had not paid the debt, and Defendant Fulton failed to send Plaintiff a written notice that: (a) contained a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant Fulton, (b) contained a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant Fulton will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant Fulton, or (c) contained a statement that, upon Plaintiff's written request within the thirty-day period, Defendant Fulton will provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692g(a) (1), (3) – (5).

### *Failure To Include § 1692e(11) Language In Subsequent Communications - Affidavit*

50. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

51. The Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

52. The Affidavit is not a formal pleading made in connection with a legal action.

53. The Affidavit is a subsequent communication by Defendants Asset Acceptance and Fulton with Plaintiff in connection with collection of the debt, and these defendants failed to disclose in the Affidavit that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### *Failure to Comply Disclosure Requirements of Tennessee Collection Service Act - Defendant Asset Acceptance*

54. Defendant Asset Acceptance is a licensed collection service in Tennessee.

55. Tennessee Code Annotated § 62-20-127(a) states, in pertinent part, that "[a] collection service holding a valid license under this chapter may take assignment of accounts, bills,

notes or other indebtedness held by another person or entity, **for the purpose of billing, collecting or filing suit in the collection service licensee's own name**, as the real party in interest, **if all the following requirements have been met**:

(1) "The assignment was voluntary, properly executed, and acknowledged by the person or entity making the assignment to the collection service licensee;

(2) The original agreement between the creditor and the debtor does not prohibit assignments; [and]

(3) The assignment was manifested by a written agreement stating the effective date of the assignment and the consideration paid or given, if any, for the assignment." (emphasis added)

56. Prior to filing the state court collection lawsuit against Plaintiff on August 27, 2012, Defendant Asset Acceptance failed to comply with the disclosure requirements for a collection service contained in Tenn. Code Ann. § 62-20-127(a) (1) – (3).

57. By attempting to collect a debt from Plaintiff, by filing the state court collection lawsuit prior to complying with the disclosure requirements for a collection service, Defendant Asset Acceptance violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. *See Smith v. LVNV Funding, LLC,* 2012 WL 3890255 at *2 - *5 (E.D. Tenn., September 7, 2012).

*Summary*

58. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

59. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Dickson-Rekasi and Fulton as agents for Defendant Asset Acceptance and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Asset Acceptance.

60. The acts and omissions by Defendants Dickson-Rekasi and Fulton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Asset Acceptance in collecting consumer debts.

61. By committing these acts and omissions against Plaintiff, Defendants Dickson-Rekasi and Fulton were motivated to benefit their principal, Defendant Asset Acceptance.

62. Defendant Asset Acceptance is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Asset Acceptance including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

**TRIAL BY JURY**

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

66. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

03/11/13                                     Respectfully submitted,

                                             **ARTHUR R. WILSON**


                                             /s/        Alan C. Lee
                                             Alan C. Lee, Esq., BPR # 012700
                                             Attorney for Plaintiff
                                             P. O. Box 1357
                                             Talbott, TN 37877-1357
                                             (423) 581-0924
                                             info@alanlee.com